IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL ACTION NO. 2:08CV11

| | | |
|---|---|---|
| SOUTHERN FOUR WHEEL DRIVE CLUB, UNITED FOUR WHEEL DRIVE ASSOCIATIONS, THE BLUE RIBBON COALITION, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| UNITED STATES FOREST SERVICE, NANTAHALA NATIONAL FOREST, MARISUE HILLIARD, Forest Supervisor, | ) ) ) ) ) ) ) | ANSWER OF DEFENDANTS UNITED STATES FOREST SERVICE, NANTAHALA NATIONAL FOREST, and MARISUE HILLIARD, Forest Supervisor |
| Defendants, | ) ) | |
| TROUT UNLIMITED, PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, WILD SOUTH, | ) ) ) ) ) ) | |
| Intervenor-Defendants | ) ) | |

Now come Defendants United States Forest Service, Nantahala National

Forest, and Marisue Hilliard, Forest Supervisor, by and through the United

States Attorney for the Western District of North Carolina, and hereby respond to the complaint.

### FIRST DEFENSE

This Court lacks jurisdiction over the matters set forth in the complaint.

### SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

The claims in the complaint, in whole or in part, are not ripe for review and do not present an actionable case or controversy.

### FOURTH DEFENSE

Responding specifically to the numbered paragraphs of the complaint, these Defendants state the following:

1. With respect to the allegations of paragraph 1 of the complaint, it is admitted that the Plaintiffs have filed an action seeking declaratory and

injunctive relief. It is expressly denied that any defendant has failed to adhere to controlling law while managing recreational access to the Upper Tellico Off-Highway Vehicle ("OHV") System of the Nantahala National Forest. Except as expressly admitted herein, the allegations of paragraph 1 of the complaint are denied.

2. With respect to the allegations of paragraph 2 of the complaint, it is admitted that the Plaintiffs are attempting to challenge the United States Forest Service's temporary decisions to prohibit and restrict vehicular access along previously open roads and trails in a Decision Memo issued December 18, 2007 and certain closure orders issued December 20, 2007. Except as expressly admitted herein, the allegations of paragraph 2 of the complaint are denied.

3. With respect to the allegations of paragraph 3 of the complaint, it is admitted that the Plaintiffs by this action attempt to assert claims under the National Forest Management Act, 16 U.S.C. § 1600 et seq. ("NFMA"); the National Environmental Policy Act, 42 U.S.C. § 4331, et seq. ("NEPA"); the Administrative Procedure Act, 5 U.S.C. § 551, et seq. (the "APA"), and implementing regulations for these statutes. It is expressly denied that the Plaintiffs are entitled to any relief under those statutes as a result of any act or

omission by any defendant. Except as expressly admitted herein, the allegations of paragraph 3 of the complaint are denied.

4. With respect to the allegations of paragraph 4 of the complaint it is admitted that jurisdiction may be asserted under 28 U.S.C. §1331 where the alleged action arises under the laws of the United States. Except as admitted herein, the allegations of paragraph 4 of the complaint are denied.

5. With respect to the allegations of paragraph 5 of the complaint, it is admitted that the Decision Memo and closure orders at issue in this case were issued from the United States Forest Service office in Asheville, North Carolina, that the closures affect land within the Western District of North Carolina and that if a proper claim is presented on such closures, venue would be proper in this district. Except as expressly admitted herein, the allegations of paragraph 5 of the complaint are denied.

6. With respect to the allegations of paragraph 6 of the complaint, the responding Defendants lack knowledge or information sufficient to form a belief about the truth of such allegations and they are therefore denied.

7. With respect to the allegations of paragraph 7 of the complaint, the responding Defendants lack knowledge or information sufficient to form a belief

about the truth of such allegations and they are therefore denied.

8. With respect to the allegations of paragraph 8 of the complaint, the responding Defendants lack knowledge or information sufficient to form a belief about the truth of such allegations and they are therefore denied.

9. The allegations of paragraph 9 of the complaint are admitted.

10. The allegations of paragraph 10 of the complaint are admitted with the exception that it is denied that the Nantahala National Forest is an entity subject to suit.

11. With respect to the allegations of paragraph 11 of the complaint it is admitted that Marisue Hilliard is the Forest Supervisor for the Nantahala National Forest, that she signed the Decision Memo and closure orders at issue in this litigation, and that she is sued in her official capacity. The remaining allegations of paragraph 11 constitute legal conclusions to which no response is required. Except as expressly admitted herein, the allegations of paragraph 11 of the complaint are denied.

12. The allegations of paragraph 12 of the complaint are admitted.

13. With respect to the allegations of paragraph 13 of the complaint it is admitted that the Upper Tellico OHV System is located within the Tusquitee

Ranger District of the Nantahala National Forest and that the area contains a variety of vegetation types and is characterized by deep gorges and steep terrain. It is further admitted that the system contains thirteen (13) formally designated OHV trails presenting a varying degree of challenge from easy to extremely challenging. It is denied that the Upper Tellico OHV System encompasses 38 miles of designated trails and roadway. It is admitted that the Forest Service has delineated the Tellico OHV system to include 39.3 miles of designated trail and roadway, located within an area approximately 8,000 acres in size. Defendants have insufficient information and knowledge to form a belief as to the remaining allegations in Paragraph 13 and therefore they are denied.

14. With respect to the allegations of paragraph 14 of the complaint, it is admitted that the provisions of the Code of Federal Regulations speak for themselves. With respect to the remaining allegations of paragraph 14 of the complaint, the responding Defendants lack knowledge or information sufficient to form a belief about the truth of such allegations and they are therefore denied.

15. With respect to the allegations of paragraph 15 of the complaint, the responding Defendants lack knowledge or information sufficient to form a belief about the truth of such allegations and they are therefore denied.

16. With respect to the allegations of paragraph 16 of the complaint, the responding Defendants lack knowledge or information sufficient to form a belief about the truth of such allegations and they are therefore denied.

17. With respect to the allegations of paragraph 17 of the complaint, it is admitted that one or more Plaintiffs and/or their members have from time to time conducted beneficial trail maintenance, repair, and other work in the Upper Tellico OHV System. With respect to the specifics of such work, the responding Defendants lack knowledge or information sufficient to form a belief about the truth of such allegations and they are therefore denied.

18. With respect to the allegations of paragraph 18 of the complaint, it is admitted that on or about June 28, 2007, the Southern Environmental Law Center sent a letter advising the Forest Service of their intent to bring suit for alleged violations of North Carolina and Tennessee water quality laws and regulations, the Federal Water Pollution Control Act ("Clean Water Act" or "CWA", 33 U.S.C. § 1251 et seq.), the National Environmental Policy Act ("NEPA", 42 U.S.C. § 4321 et seq.), the National Forest Management Act ("NFMA", 16. U.S.C. § 1600 et seq), and the Forest Service's own regulations caused by the operation and management of the Upper Tellico OHV System if

those alleged violations were not addressed within 60 days. Except as expressly admitted herein the allegations of paragraph 18 of the complaint are denied.

19. It is admitted that the letter described in paragraphs 18 and 19 of the complaint speaks for itself. Except as expressly admitted herein the allegations of paragraph 19 of the complaint are denied.

20. With respect to the allegations of paragraph 20 of the complaint, it is admitted that subsequent to the delivery of the letter described in paragraphs 18 and 19 of the complaint, representatives of the United States Forest Service held several meetings to receive comments and to discuss the issues raised by that letter. It is admitted that some meetings were for the general public while other meetings were held with representatives of various interested parties, including one or more of the Plaintiffs. Except as expressly admitted herein, the allegations of paragraph 20 of the complaint are denied.

21. The allegations of paragraph 21 of the complaint are admitted.

22. With respect to the allegations of paragraph 22 of the complaint, it is admitted that Plaintiffs United Four Wheel Drive Club and the Blue Ribbon Coalition, through counsel, sent a letter to Tina Tilley, Acting District Ranger at the United States Forest Service on or about August 22, 2007, and that such

letter speaks for itself. Except as expressly admitted herein, the allegations of paragraph 22 of the complaint are denied.

23. The allegations of paragraph 23 of the complaint are admitted.

24. The allegations of paragraph 24 of the complaint are admitted.

25. The allegations of paragraph 25 of the complaint are admitted.

26. The allegations of paragraph 26 of the complaint are admitted.

27. With respect to the allegations of paragraph 27 of the complaint, it is admitted that Marisue Hilliard, Forest Supervisor, issued a Decision Memo on December 18, 2007, and further issued on December 20, 2007, two closure orders, all of which documented the reasons for and details of certain restrictions on OHV use in the Upper Tellico OHV System and that such documents speak for themselves. Except as expressly admitted herein, the allegations of paragraph 27 of the complaint are denied.

28. With respect to the allegations of paragraph 28 of the complaint, it is admitted that the December 18, 2007 Decision Memo and December 20, 2007 closure orders have a practical effect of limiting OHV access in the Upper Tellico OHV System. With regard to the remaining allegations of paragraph 28 of the complaint, the responding Defendants lack knowledge or information

sufficient to form a belief about the truth of such allegations and they are therefore denied.

29. With respect to the allegations of paragraph 29 of the complaint, it is admitted that the Decision Memo issued on December 18, 2007, speaks for itself. Except as expressly admitted herein, the allegations of paragraph 29 of the complaint are denied.

30. The allegations of paragraph 30 of the complaint are denied.

31. With respect to the allegations of paragraph 31 of the complaint, the responding Defendants hereby restate and incorporate by reference their responses to paragraphs 1 through 30 of the complaint.

32. With respect to the allegations of paragraph 32 of the complaint, it is admitted that the provisions of the National Forest Management Act and the Code of Federal Regulations speak for themselves, and therefore no further answer is required of the responding Defendants. Except as expressly admitted herein, the allegations of paragraph 32 of the complaint are denied.

33. With respect to the allegations of paragraph 33 of the complaint, it is admitted that the provisions of the Federal Register speak for themselves, and therefore no further answer is required of the responding Defendants. Except

as expressly admitted herein, the allegations of paragraph 33 of the complaint are denied.

34. With respect to the allegations of paragraph 34 of the complaint, it is admitted that the provisions of the Code of Federal Regulations speak for themselves, and therefore no further answer is required of the responding Defendants. Except as expressly admitted herein, the allegations of paragraph 34 of the complaint are denied.

35. The allegations of paragraph 35 of the complaint are denied.

36. The allegations of paragraph 36 of the complaint are denied.

37. The allegations of paragraph 37 of the complaint are denied.

38. The allegations of paragraph 38 of the complaint are denied.

39. With respect to the allegations of paragraph 39 of the complaint, the responding Defendants hereby restate and incorporate by reference their responses to paragraphs 1 through 38 of the complaint.

40. With respect to the allegations of paragraph 40 of the complaint, it is admitted that the provisions of the Code of Federal Regulations speak for themselves, and therefore no further answer is required of the responding Defendants. Except as expressly admitted herein, the allegations of paragraph

40 of the complaint are denied.

41. With respect to the allegations of paragraph 41 of the complaint, it is admitted that the Forest Service provided notice and opportunity for public comment on the actions challenged by the Plaintiffs and that the Forest Service did not prepare an environmental assessment or environmental impact statement before issuing the closure orders at issue. Except as expressly admitted herein, the allegations of paragraph 41 of the complaint are denied.

42. The allegations of paragraph 42 of the complaint are denied.

43. The allegations of paragraph 43 of the complaint are denied.

44. The allegations of paragraph 44 of the complaint are denied.

45. With respect to the allegations of paragraph 45 of the complaint, the responding Defendants hereby restate and incorporate by reference their responses to paragraphs 1 through 44 of the complaint.

46. With respect to the allegations of paragraph 46 of the complaint, it is admitted that the provisions of the National Environmental Policy Act, the regulations of the Council on Environmental Quality, and the Code of Federal Regulations speak for themselves. Except as expressly admitted herein, the allegations of paragraph 46 of the complaint are denied.

47. With respect to the allegations of paragraph 47 of the complaint, it is admitted that the regulations of the Council on Environmental Quality and the Code of Federal Regulations speak for themselves. Except as expressly admitted herein, the allegations of paragraph 47 of the complaint are denied.

48. The allegations of paragraph 48 of the complaint are admitted.

49. The allegations of paragraph 49 of the complaint are denied.

50. The allegations of paragraph 50 of the complaint are denied.

51. The allegations of paragraph 51 of the complaint are denied.

52. The allegations of paragraph 52 of the complaint are denied.

## **FIFTH DEFENSE**

Except as expressly admitted herein, all allegations of the complaint are denied.

## **SIXTH DEFENSE**

The acts and omissions of which the Plaintiffs complain were authorized, permitted, or required by applicable laws and regulations.

Wherefore, the Defendants respectfully pray that this action be dismissed

-13-

with prejudice in its entirety or in the alternative that judgment be entered in favor of the Defendants on all claims; that the Plaintiffs have and recover nothing of the Defendants; that to the extent permitted by law the costs of this action, including without limitation attorney's fees, be taxed to the Plaintiffs; and for such further relief as may be allowed as just and proper.

This the 8th day of October, 2008.

> GRETCHEN C. F. SHAPPERT
> UNITED STATES ATTORNEY
> **s/ Paul B. Taylor**
> Paul B. Taylor
> Assistant United States Attorney
> Chief, Civil Division
> N.C. Bar No. 10067
> Room 233, U. S. Courthouse
> 100 Otis Street
> Asheville, North Carolina 28801-2611
> 828-259-0655
> paul.taylor@usdoj.gov

OF COUNSEL:
Matthew A. Tilden
Attorney
Office of the General Counsel
1718 Peachtree Street, NW, Suite 576
Atlanta, Georgia 30309-2437
404-347-1086
matthew.tilden@ogc.usda.gov

# CERTIFICATE OF SERVICE

I CERTIFY that I have this day served a copy of the foregoing through the Court's ECF email notification program or by mailing a copy thereof, first class mail, postage prepaid, and properly addressed to:

David Michael Harmon
York Williams Barringer Lewis & Briggs, LLP
PO Box 36858
Charlotte, NC 28236
dharmon@yorkwilliamslaw.com

Paul A. Turcke
Moore Smith Buxton & Turcke, Chartered
950 West Bannock Street
Suite 520
Boise , ID 83702
pat@msbtlaw.com

Carla Boucher
United Four Wheel Drive Associations
PO Box 15696
Chesapeake, VA 23328
attorney@ufwda.org

Counsel for the Plaintiffs

Douglas Avery Ruley
Austin D. J. Gerken
Southern Environmental Law Center
29 N. Market Street, Suite 605
Asheville, NC 28801
druley@selcnc.org
djgerken@selanc.org

Counsel for Intervenor-Defendants, Trout Unlimited, Public Employees for Environmental Responsibility, and Wild South

This the 8th day of October, 2008.

> GRETCHEN C. F. SHAPPERT
> UNITED STATES ATTORNEY
> **s/ Paul B. Taylor**
> Paul B. Taylor
> Assistant United States Attorney
> Chief, Civil Division
> N.C. Bar No. 10067
> Room 233, U. S. Courthouse
> 100 Otis Street
> Asheville, North Carolina 28801-2611
> 828-259-0655
> paul.taylor@usdoj.gov